UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Carvin Edmonds, # 273383, | ) | C/A No.: 4:13-cv-00800-GRA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Michael McCall, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court for a review of United States Magistrate Judge Thomas E. Rogers, III's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, and filed on April 23, 2013. Petitioner Carvin Edmonds ("Petitioner"), a state prisoner proceeding *pro se*, brought this action pursuant to 28 U.S.C. § 2254 on March 20, 2013.[1] ECF No. 1. Magistrate Judge Rogers recommends that this Court dismiss Petitioner's § 2254 Petition without prejudice because Petitioner has not obtained authorization from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. Report & Recommendation 4–5, ECF No. 11. For the reasons stated herein, the Court adopts the Report and Recommendation in its entirety.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

This Court is also charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(c). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Furthermore, a failure to object waives a Petitioner's right to appeal. *Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984). No objections to the Report and Recommendation have been filed, and the time to object has passed.[2]

After a careful review of the record, the Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes the case and applicable law. Accordingly, for the reasons articulated by the Magistrate Judge, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus is DISMISSED without prejudice.

**IT IS SO ORDERED.**

---

[2] Objections to the Report and Recommendation were due by May 13, 2013. The court clerk forwarded a copy of the Report and Recommendation to Petitioner on April 23, 2013, along with a notice that stated:
> The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. . . . "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" . . . Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. . . . **Failure to timely file specific objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such a Recommendation.**

Report and Recommendation 6. ECF No. 11 (citations omitted).

G. Ross Anderson, Jr.
Senior United States District Judge

May  15 , 2013
Anderson, South Carolina